*467 OPINION.
Trttssell :
The first issue involves the March 1,1913, value of petitioner’s fixed assets for the purpose of computing depreciation. The respondent has computed depreciation upon the cost of assets acquired prior to March 1, 1913, as established by petitioner’s books, and he has allowed as a deduction an amount materially less than that claimed by petitioner. The appraisal was made for insurance purposes and the testimony relative thereto submitted to establish the sound values of petitioner’s fixed assets on October 2, 1915. Those alleged sound values are based on cost of reproduction new less depreciation. We deem it not necessary to set out in our findings of fact the long tabulation of the said appraised values. To establish the March 1, 1913, value of its fixed assets petitioner has submitted an accountant’s mathematical computation based upon the appraisal. We can not accept such computation as establishing the actual March 1, 1913, value of petitioner’s fixed assets acquired prior to and used in the business on that date. No other evidence or testimony as to the March 1, 1913, value has been offered except that of an officer of the appraisal company, who testified that in general there was no upward trend in labor and prices between 1913 and 1915, inclusive. Petitioner has failed to establish the actual fair market value of its assets on hand on March 1,1913, and accordingly we must hold that respondent, in computing depreciation, properly used as the basis the cost as established by petitioner’s books. Cf. Milwaukee Woven Wire Works, 16 B. T. A. 75.
As to the second issue, petitioner contends that respondent has put it on the cash basis as to the one item of accrued labor and discount expense, which results in the disallowance of any deduction for that item for the fiscal year ended June 30, 1920. Petitioner has kept its accounts on the accrual basis and since 1906 has followed the practice of crediting to a suspense account and charging to profit and loss accrued labor and discount. Section 212(b) of the Revenue Acts of 1918 and 1921 provides that net income shall be computed upon *468 the basis of the taxpayer’s annual accounting period in accordance with the method of accounting regularly employed in keeping the books of such taxpayer, if such method clearly reflects the income. No question has been raised as to petitioner’s method of accounting except as to this one item, and there is no controversy as to the amounts charged to profit and loss in each of the years ending June 30, 1920 to 1923, inclusive. We are of the opinion that petitioner’s method of accounting regularly employed over a long period of years clearly reflects its income and that respondent erred in increasing petitioner’s net income by $8,500 for the fiscal year ended June 30, 1920. The said amount should be allowed as a charge to profit and loss for the said year and a similar adjustment should be made in respect to the similar charge to profit and loss for each of the succeeding years here in controversy.
The loss claimed by petitioner for each of the years upon the disposition of certain property has not been established. Petitioner’s books contained no record of the disposition of the various pieces of property. One of petitioner’s officers testified that he knew that certain property was scrapped during the years in question, but his testimony as to the particular year and the amount of loss sustained, if any, was based upon the audit made by the public accountant and his mathematically computed March 1, 1913, value. It appears that the property disposed of had been fully depreciated on the basis of cost as shown by petitioner’s books.
Pursuant to the provisions of section 1207 of the Revenue Act of 1926, we must approve respondent’s reduction of petitioner’s invested capital for the years in question by the preceding year’s prorated tax in accordance with the regulations in force with respect to such years.
Under authority of E. J. Gallagher Realty Co., 4 B. T. A. 219, we must hold that petitioner is not entitled to include in invested capital as earned surplus the total amount of premiums paid by it on an insurance policy on the life of its superintendent and for its benefit. There is no evidence as to the type of policy taken out by petitioner nor as to any existing capital value in excess of the cash surrender value which respondent has included in petitioner’s invested capital.
Petitioner contends that it is entitled to include in invested capital as an addition to earned surplus an amount representing certain assets charged to expense and excessively depreciated. There is some general testimony to the effect that for several years petitioner charged repairs and small items of replacements and improvements to expense, but that such items could not be identified on the books. To establish this claim petitioner relies upon the appraisal *469 of October 2, 1915, and the public accountant’s audit of April, 1925, which show that the total value of petitioner’s assets so computed exceed by certain amounts the total book values for the years in question. Those additional values in excess of the book values are claimed as additions to surplus, but such additional values are based on all of petitioner’s assets, including many items other than alleged capital items charged to expense. There is no specific evidence identifying the alleged capital items charged to expense and we have no facts of record upon which to determine the amounts, if any, of the claimed additions to earned surplus for the years in controversy on account of capital items charged to expense.
Under authority of the Board’s decision in L. S. Ayers & Co., 1 B. T. A. 1135, we must hold that respondent erred in reducing petitioner’s invested capital for the year ending June 30, 1921, by computing a tentative tax theoretically set aside from the current earnings in determining the extent to which dividends were paid from current earnings.
The last two issues involve the reduction of invested capital on account of additional income taxes paid in 1920 for prior years. Petitioner’s surplus and invested capital should be reduced in accordance with the regulations applicable to the years in question, as provided in section 1207 of the Eevenue Act of 1926, but such reduction should be only as to the amount of taxes actually due. Inasmuch as petitioner has filed claims for refund of a substantial portion of the prior year’s additional taxes and those claims are still pending, we are of the opinion that the actual amount of taxes due for those prior years should be determined by respondent prior to any final decision by this Board as to the years here in question. In the recom-putation of the taxes due for the years in question, petitioner’s surplus and invested capital should be reduced only by the actual amount of taxes due and payable for prior years as finally determined by respondent.

Judgment will be entered fu/rsucmt to Rule 50.